**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| TIMOTHY E. ROBERTSON | CIVIL ACTION NO. 07-0529 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DETENTION CENTER CLAIBORNE PARISH, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Plaintiff Timothy E. Robertson's ("Robertson") Appeal of a Magistrate Judge Decision (Record Document 65). On December 18, 2008, Magistrate Judge Hornsby issued an order denying Robertson's Motion for Default Judgment as to the defendant, Nurse Rachel Robinson ("Nurse Robinson"). See Record Documents 61 & 62. Specifically, Magistrate Judge Hornsby reasoned that default judgment was not appropriate, as an answer had been filed by Nurse Robinson. See Record Documents 60 & 62.[1] On December 24, 2008, Robertson filed the instant appeal, arguing that Federal Rule of Civil Procedure 55 "clearly and unambiguously" requires default judgment against Nurse Rachel Robinson. See Record Document 65.

Magistrate Judge Hornsby's order denying the Motion for Default Judgment is not one of the actions listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Thus, Magistrate Judge Hornsby's order is not a recommendation to the district

---

[1] Robertson's motion (Record Document 61) was essentially a Motion for Entry of Default, as the Federal Rules of Civil Procedure and this Court's local rules require the party seeking default judgment to first file a Motion for Entry of Default Judgment. See F.R.C.P. 55 and LR 55.1 M&W. Then, the Clerk of Court will enter a Notice of Entry of Default, providing that a motion for default judgment must be filed and that a delay of at least ten days must elapse before issuance of a default judgment. See id.

court. Instead, it is an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995) & Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992). This Court will review the Magistrate Judge's legal conclusions *de novo*, and will review his factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

Here, the Court must consider Rule 55 and Local Rule 55.1M & W pertaining to default judgments. Rule 55 provides in pertinent part:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
> > (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--**on the plaintiff's request**, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > (2) By the Court. In all other cases, **the party must apply** to the court for a default judgment. . . .

F.R.C.P. 55 (emphasis added). Local Rule 55.1M & W provides:

> In addition to the provisions of FRCvP 55, the following rules apply to default judgments:
>
> A. All requests for entry of default shall be made to the clerk in writing;
>
> B. The clerk shall mail by regular mail notice of entry of default to each defendant or his or her attorney at his or her last known address;
>
> C. A judgment of default shall not be entered until 10 calendar days after

entry of default.

LR 55.1 M&W.

On August 8, 2008, an Acknowledgment of Service as to Nurse Robinson, evidencing that she was served on July 30, 2008, was entered by the Clerk of Court. See Record Document 26. Based on this filing, Nurse Robinson's answer was due August 19, 2008. See id. While Nurse Robinson did not file her answer until December 11, 2008 (Record Document 60), Robertson failed to file a Motion for Entry of Default during the intervening four months. Instead, he waited until after Nurse Robinson filed her answer to seek a default judgment. See Record Document 61.[2] At that time, Nurse Robinson had "plead or otherwise defend[ed]" as contemplated by Rule 55(a). Thus, Magistrate Judge Hornsby's order denying Robertson's Motion for Default Judgment because an answer had been filed by Nurse Robinson was not clearly erroneous or contrary to law.

Accordingly,

**IT IS ORDERED** that Plaintiff Timothy E. Robertson's Appeal of Magistrate Judge Hornsby's December 18, 2008 Order (Record Document 65) be and is hereby **DISMISSED**.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this the 20th day of January, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2]The Clerk of Court received Robertson's Motion for Default Judgment on December 17, 2008. See Record Document 61. His filing was postmarked on December 15, 2008. See id.