**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| TIMOTHY E. ROBERTSON | CIVIL ACTION NO. 07-0529 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DETENTION CENTER CLAIBORNE PARISH, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Plaintiff Timothy E. Robertson's ("Robertson") Appeal of a Magistrate Judge Decision (Record Document 95). Robertson appeals two orders, an order entered on August 10, 2009 (Record Document 90) by the undersigned and an order entered on August 26, 2009 (Record Document 92).

The August 10, 2009 order granted motions for summary judgment filed by Sheriff Kenneth Bailey and a motion for summary judgment filed by Assistant Warden John Goodwin, Major James Banks, Captain Alicia Lewis, and Nurse Rachel Robinson. See Record Document 90. The order also dismissed with prejudice all claims against Sheriff Kenneth Bailey, Assistant Warden John Goodwin, Major James Banks, Captain Alicia Lewis, and Nurse Rachel Robinson. See id. This order was entered by the undersigned, not the Magistrate Judge. The appropriate appeal method to address this order is an interlocutory appeal to the United States Court of Appeals for the Fifth Circuit. See Record Documents 93 & 94. Therefore, the instant Memorandum Order will address only Robertson's appeal of the order entered by the Magistrate Judge on August 26, 2009. See Record Document 92.

The August 26, 2009 order signed by the Magistrate Judge denied Robertson's motion for entry of default, finding that he had not shown that the Claiborne Parish

Detention Center was an entity capable of being sued. See Record Document 92. This order is not one of the actions listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Thus, Magistrate Judge Hornsby's order is not a recommendation to the district court. Instead, it is an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995) & Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992). This Court will review the Magistrate Judge's legal conclusions *de novo*, and will review his factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

Here, the Court finds that the order entered on August 26, 2009 was not clearly erroneous or contrary to law. It is well established that a detention center is not a legal entity capable of being sued. See Brewin v. St. Tammany Parish Corr. Ctr., No. 08-0639, 2009 WL 1491179, *2 (W.D.La. 5/26/09); Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613 (E.D.La.1998); Wright v. El Paso County Jail, 642 F.2d 134, 136 n. 3 (5th Cir.1981); Blunt v. Bowles, No. 96-3317, 1997 WL 527322 (N.D.Tex. 8/15/97); Darby v. Pasedena Pol. Dep't, 939 F.2d 311, 313-14 (5th Cir.1991). Moreover, Robertson has provided no legal authority or argument in his appeal. See Record Document 95. Rather, he simply stated:

> Motion to Appeal the Ruling Made on August 26, 2009, Doc. No. 92, Dismissing Plaintiff's Civil Action Against Claiborne Parish, et al., and Claiborne Parish Detention Center for Reasons Stated Throughout the Entirety of this Action.

Id. Robertson simply has not established that Magistrate Judge Hornsby's order was

Detention Center was an entity capable of being sued. See Record Document 92. This order is not one of the actions listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Thus, Magistrate Judge Hornsby's order is not a recommendation to the district court. Instead, it is an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995) & Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992). This Court will review the Magistrate Judge's legal conclusions *de novo*, and will review his factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

Here, the Court finds that the order entered on August 26, 2009 was not clearly erroneous or contrary to law. It is well established that a detention center is not a legal entity capable of being sued. See Brewin v. St. Tammany Parish Corr. Ctr., No. 08-0639, 2009 WL 1491179, *2 (W.D.La. 5/26/09); Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613 (E.D.La.1998); Wright v. El Paso County Jail, 642 F.2d 134, 136 n. 3 (5th Cir.1981); Blunt v. Bowles, No. 96-3317, 1997 WL 527322 (N.D.Tex. 8/15/97); Darby v. Pasedena Pol. Dep't, 939 F.2d 311, 313-14 (5th Cir.1991). Moreover, Robertson has provided no legal authority or argument in his appeal. See Record Document 95. Rather, he simply stated:

> Motion to Appeal the Ruling Made on August 26, 2009, Doc. No. 92, Dismissing Plaintiff's Civil Action Against Claiborne Parish, et al., and Claiborne Parish Detention Center for Reasons Stated Throughout the Entirety of this Action.

Id. Robertson simply has not established that Magistrate Judge Hornsby's order was

clearly erroneous or contrary to law.

Accordingly,

**IT IS ORDERED** that Plaintiff Timothy E. Robertson's Appeal of Magistrate Judge Hornsby's August 26, 2009 order (Record Document 92) be and is hereby **DISMISSED**.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this the 30th day of September, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE