UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TIMOTHY E. ROBERTSON                    CIVIL ACTION NO. 07-cv-0529

VERSUS                                  JUDGE HICKS

CLAIBORNE PARISH DETENTION              MAGISTRATE JUDGE HORNSBY
CENTER, ET AL

**REPORT AND RECOMMENDATION**

Timothy Robertson ("Plaintiff") filed this civil rights action against the Claiborne Parish Detention Center and several corrections officials and healthcare workers employed at the facility. The court directed Plaintiff to complete summons forms for each defendant. Plaintiff submitted the papers, and the Marshal attempted to serve them at the addresses provided by Plaintiff. Several defendants were served, responded to the complaint, and have been dismissed based on their motions for summary judgment. See Docs. 44, 56, 88, and 90. The court sua sponte dismissed claims against the Claiborne Parish Detention Center. Doc. 101.

The only remaining defendants are Warden Sue Holiday, Lt. Trummell, Lt. Moore, Sgt. Alton Mathis, and Nurse Ford. Plaintiff submitted service papers for these five defendants near the beginning of the litigation. The Marshal failed to make service on Warden Holiday at the Claiborne Parish Detention Center. He noted that officers informed him that Holiday was then working at LaSalle Detention Center. It does not appear the Marshal attempted to make service on Holiday at that facility. The summonses for the other

four defendants were returned unexecuted with a note that the defendant was no longer employed at the Detention Center and that the Marshal was unable to obtain a new address.

The court recently issued an order (Doc. 101) in which it noted that it is obligated to assist Plaintiff in making service, but it is Plaintiff's obligation to provide the court with correct service information. Plaintiff was granted approximately 30 days to file with the clerk of court a copy of his complaint, as amended, and two completed summonses for each of the unserved defendants. Plaintiff was warned: "All claims against any unserved defendant may be dismissed for failure to prosecute if Plaintiff does not provide service papers for that defendant."

The court went on to note that many of Plaintiff's key claims were recently dismissed based on a detailed Report and Recommendation that explained why the claims lacked merit under controlling law. The court explained that it was likely that most if not all of the claims against the unserved defendants are equally lacking in merit, so Plaintiff was encouraged to consider whether he had a valid claim against any unserved defendant before submitting service papers and pursuing a likely meritless claim.

Plaintiff's January 10 deadline to submit service papers has passed, and the clerk of court reports that no papers have been received from Plaintiff. Under these circumstances, and further considering Plaintiff's recent request to "discontinue" his case for an indefinite period, the court finds that the best exercise of its discretion is to dismiss all remaining claims for failure to prosecute. The court may not proceed with the claims unless the named

defendants are served, and Plaintiff has not taken the necessary steps to achieve service. Furthermore, as noted above, the court has explored the essential claims in detail and found them to lack merit.

Dismissals of this sort are ordinarily made without prejudice, but the limitations period will have expired with respect to these claims so that a dismissal without prejudice will effectively operate as a dismissal with prejudice. The more harsh remedy is nonetheless warranted considering the inability of the court to proceed with the apparently meritless claims without service information and the cooperation of Plaintiff.

Accordingly;

**IT IS RECOMMENDED** that all claims against Warden Sue Holiday, Lt. Trummell, Lt. Moore, Sgt. Alton Mathis, and Nurse Ford be **dismissed with prejudice** for failure to prosecute.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of January, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE